UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA L. SOLIS,
*Secretary, U.S. Department of Labor*,

    Plaintiff,

v.                                                                   Case No.: 8:10–cv–00596–T–24–AEP

SUPERIOR SITE DEVELOPMENT, INC.
*doing business as P/C Miller*,
MICHAEL MOLONEY,
THOMAS MOLONEY,

    Defendants.
_____/

## DEFAULT JUDGMENT

Upon Plaintiff's motion for judgment by default and considering the Clerk's entry of default herein on July 9, 2010, Defendants' failures and refusals to plead or otherwise defend, the affidavit filed by Plaintiff in support of said motion, and the Court being otherwise fully advised, Plaintiff's motion for judgment by default is **GRANTED**. The Court enters its findings of fact and conclusions of law, as follows:

## FINDINGS OF FACT

1.     Defendant Superior Site Development, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Hernando County, Florida, and is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

1

2. Defendant Michael Moloney, an individual doing business in Hernando County, Florida, at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

3. Defendant Thomas Moloney, an individual doing business in Hernando County, Florida, at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

4. Defendants Superior Site Development, Inc., Michael Moloney, and Thomas Moloney (collectively, "Defendants"), engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

5. Between December 31, 2007 and June 17, 2008, Defendants repeatedly employed employees in an enterprise engaged in commerce or in the production of goods

for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. The hours worked by each employee during this time period are set forth in the attached Schedule A.

6. As a result of the conduct described above, Defendants are wrongfully withholding back wages in the amount of $27,578.87 due and owed to twenty-one employees of Defendants. The back wages due to each employee for this time period are set forth in the attached Schedule A.

7. Between December 31, 2007 and June 17, 2008, Defendants repeatedly failed to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them.

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

2. By employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed as described in paragraph 5 above, Defendants repeatedly violated the

    provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

3. By failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them as described in paragraph 7 above, Defendants repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516.

4. Defendants have neither pleaded nor proven that their violations of the Act were: (1) in good faith; (2) in conformity with; or (3) in reliance on an administrative regulation, order, ruling, approval or interpretation of an agency of the United States.  <u>See</u> Portal to Portal Pay Act, 29 U.S.C. § 258, 260.  Accordingly, under §16(c) of the Act, the Secretary is authorized to recover not only back wages for the wronged employees, but also an equal amount of liquidated damages.  29 U.S.C. § 216(c).  The liquidated damages due each employee are set forth in the attached Schedule A.

Upon consideration of Plaintiff's motion for judgment by default, Defendants' having failed to answer, plead, or otherwise defend as required by law since the Clerk's entry of default herein on July 9, 2010, and it appearing that Plaintiff is entitled to the relief sought, and this Court having entered its Findings of Fact, Conclusions of Law, and Order granting Plaintiff's motion, now, therefore, in accordance therewith, it is hereby ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from

violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

      A.      They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

      B.      They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages in the total amount of $27,578.87 and an additional equal amount as liquidated damages due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule A attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule A shall not be terminated or otherwise adversely affected by this proceeding.

Defendants also shall provide Plaintiff's attorneys with a schedule showing their employer I.D. number and the last-known address and social security number as to each employee listed on Schedule A.

Plaintiff, thereupon, shall distribute the back wages and liquidated damages owed to the

named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

It is FURTHER ORDERED that Defendant may file a Bill of Costs for this action, which the Clerk may tax under Rule 54 of the Federal Rules of Civil Procedure, for which execution may issue.

**IT IS SO ORDERED.**

*Done on August 9, 2010.*

SUSAN C. BUCKLEW
United States District Judge